IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALI ABDUL GHANI KHALEEL,<br><br>Defendant. | Case No. CR11-0103<br><br>ORDER FOR PRETRIAL DETENTION |

On the 25th day of July, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Chatham. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 8, 2011, Defendant Ali Abdul Ghani Khaleel was charged by Indictment (docket number 2) with possession with the intent to distribute and aid and abet the possession with intent to distribute methamphetamine, cocaine, and marijuana. At the arraignment on June 14, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 15, 2011. The Government requested Defendant be detained pending trial, and a detention hearing was scheduled for June 17, 2011. Prior to the hearing, however, Defendant waived his right to a detention hearing, subject to his ability to request and receive a prompt hearing at a later time. On July 12, 2011, Defendant asked for a detention hearing, and a hearing was scheduled on July 15, 2011. At that time, however, Defendant asked that an Arabic interpreter be provided. The hearing was continued to July 25.

At the hearing, Iowa State Trooper Justin Simmons testified regarding the circumstances underlying the instant charges. On April 7, 2011, Defendant was a

1

passenger in a vehicle involved in a traffic stop. The driver consented to a search of the vehicle. Simmons testified that he also asked and received consent from Defendant to search two bags which belonged to him and were located in the back of the vehicle. Defendant denies that Simmons asked for his consent to search his bags, and denies that he gave Simmons consent to search his bags. When the bags were searched, law enforcement found 1.5 pounds of marijuana, 1 ounce of methamphetamine, and 2 ounces of cocaine. Defendant acknowledged that the bags were his, but denied knowing anything about the drugs found inside the bags.

According to the pretrial services report, Defendant is 24 years old. He was born in Basra, Iraq. He lived in Iraq until March 2009, when moved to the Republic of Turkey. In July 2010, Defendant was granted refugee status and was allowed to emigrate to the United States. When he first arrived in the United States, Defendant resided in Lansing, Michigan. In September 2010, he moved to Los Angeles, California, and resided there until he was arrested in Iowa in April 2011. Defendant is single. He has never been married, and has no children. His parents and three sisters continue to reside in Iraq.

For the most part, Defendant has been unemployed since he emigrated to the United States in July 2010.[1] Defendant is in good physical health. He has undergone mental health treatment for "flashbacks" of violence that he witnessed in Iraq. Since being incarcerated in April 2011, Defendant has been prescribed medication for depression, anxiety, and insomnia. Defendant reported consuming alcohol heavily three to four times per week from July 2010 to April 2011. During the same period of time, Defendant also reported using marijuana on a weekly basis.

Defendant has no criminal record. As a result of the incident on April 7, 2011, Defendant was charged in state court with three counts of controlled substance violations,

_____

[1] Defendant told the pretrial services officer that he worked at Paper Converting Resources in Los Angeles for about two months.

three counts of failure to affix tax stamp, and one count of possession of a controlled substance. Upon being charged in federal court, the state court charges were dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a

4

"presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with the intent to distribute and aid and abet the possession with intent to distribute methamphetamine, cocaine, and marijuana. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, if Defendant's motion to suppress is denied, then the weight of the evidence against Defendant is strong. Defendant admitted that the two bags containing drugs belonged to him. Even though Defendant denies knowing anything about the drugs found in his bags, statements recorded in the squad car while his bags were being searched suggest that Defendant knew drugs would be found in his bags. If the motion to suppress is granted, however, then the evidence against Defendant is weak.

Defendant has no ties to Iowa, and only limited ties to Michigan or California. The Court believes that Defendant's lack of community ties anywhere in the United States makes him a serious flight risk. The nature of the offense charged against Defendant – the possession and distribution of drugs – constitutes a generalized danger to the community. Based on the serious nature and circumstances of the offense, the rebuttable presumption, and Defendant's lack of community ties to anywhere in the United States, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.    The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.    The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.    On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Defendant's request for a detention hearing (July 12, 2011) to the filing of this Ruling (July 25, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 25th day of July, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

6